## OIL EQUIPMENT SALES CORPORATION
### v. NEIGHBORS.
### No. 635.

District Court, W. D. Louisiana,
Shreveport Division.

Oct. 4, 1935.

John B. Files, of Shreveport, La., for complainant.

Sholars & Gunby, Frank O. Looney, Brunswig Sholars, and A. F. Flournoy, all of Monroe, La., for respondent.

DAWKINS, District Judge.

This is a suit for infringement of a patent. The petition alleges plaintiff is a corporation under the laws of Texas, and the defendant is a "resident of Shreveport * * * and a citizen of the State of Louisiana, and has his regular established place of business in Shreveport * * *"; and that "defendant, G. H. Neighbors, has infringed upon each of said letters patent by employing the process and apparatus" covered thereby, in violation of plaintiff's rights "in the Western District of Louisiana." The prayer is for an injunction and an accounting.

The citation was addressed to defendant "a resident of Shreveport, Louisiana," and the return recites that it was "executed, Shreveport, Louisiana, 5–22–1935."

A plea to the venue and motion to quash the service was filed, in which it is alleged defendant is a resident of the Monroe Division of this court. This was verified by affidavit of Neighbors, and, in addition, he filed a separate affidavit "that he resides in the City of Monroe, at a house in the Sherrouse Addition, in his home with his family; that he has continuously resided in Monroe, Louisiana since August, 1928."

Section 48 of the Judicial Code (U.S.C. title 28, § 109 [28 U.S.C.A. § 109]) provides: "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

It will be seen that, as contended by plaintiff, an infringer may be sued "in any district in which defendant * * * shall have committed acts of infringement and have a regular place of business." The petition in this case does not allege that the infringement was committed in the Shreveport Division, and, since nothing is assumed in the matter of jurisdiction or venue in a federal court, it is incumbent upon the complainant to allege all facts necessary to sustain such jurisdiction. I

think the defendant's showing of his residence in the Monroe Division is sufficient to justify a transfer of the case thereto. The last sentence of the above-quoted section of the Code, to the effect that, "if such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business," service may be made upon an agent, etc., cannot apply in this case because, both according to the petition and the defendant's plea, he is a resident of this district. See 53 Judicial Code (U.S.C. title 28, § 114 [28 U.S.C.A. § 114]).

I think the motion should be sustained and the cause transferred to the Monroe Division.

Proper decree should be presented.